DOUCET, Judge.
In this ongoing domestic dispute, Marie Louise Noel Devillier filed a Petition for Contempt of Court, Money Judgement, and Termination of Inspection Rights against Joseph Dewey Devillier. Mr. Devillier was served the night prior to the assigned hearing date. He appeared in court in proper person the morning following service of process of the rule to show cause and allegedly objected to the timing of notice and consequent inability to retain counsel. Nevertheless, the trial judge, the same day, rendered judgment adverse to Mr. Devillier on all counts. Mr. Devillier, defendant-in-rule, appeals. Plaintiff-in-rule, Mrs. Devil-lier, has answered the appeal. We reverse the judgment as to all counts except that of contempt and remand for further proceedings in accordance with law.
The present litigation was commenced by a Petition for Contempt of Court, Money Judgment and Termination of Inspection Rights filed on behalf of Marie Louise Noel Devillier, plaintiff. This petition was filed November 5, 1982 with an attached Order signed by the district judge ruling Joseph Dewey Devillier to show cause before the Court on November 19,1982, why he should not be held in contempt of court for his disobedience of a prior judgment of said court relative to Mr. Devillier’s right to inspect property owned in indivisión by the parties over which Mrs. Devillier possesses a usufruct.[1] The rule to show cause was limited to the issue of contempt. Mr. Devillier was served with this petition and order on November 18, 1982, wherein he was directed to appear in court the following morning and show cause why he should not be held in contempt.
On November 19,1982 the hearing on the rule for contempt was held. Mr. Devillier appeared in proper person. After the hearing, the trial judge found Mr. Devillier had violated the conditions of the previous judgment giving him the right to inspect the property, found him in contempt and imposed a suspended sentence. Also, Mr. Dev-illier’s right of inspection was amended, despite his protests, and he was enjoined from removing any items of property from the real estate subject to inspection and a money judgment was rendered against Mr. Dev-illier, premised upon his alleged taking of property from the formerly community property.
Appellant assigns the following specification of errors: (1) The trial court erred in allowing this proceeding to be heard without sufficient delays following service and citation upon defendant-appellant; (2) The trial court erred in allowing the use of summary proceedings with no legal basis for the use of summary proceedings; (3) The trial court erred in rendering a money judgment on a rule to show cause. Appellant does not contest the contempt judgment on appeal, therefore that matter is final. In sum, appellant requests a new trial on the issues of damages, his right of inspection and the injunction prohibiting his *669 removal of property. Mrs. Devillier has answered the appeal seeking an increase in damages and absolute termination of Mr. Devillier’s right to inspect property of which he is the naked owner in indivisión with Mrs. Devillier, the usufructuary.
Mrs. Devillier contends that any objection to service was waived by defendant’s appearance and failure to object thereto, relying on La.C.Civ.Pro. Art. 926. Furthermore, she contends that appellant’s objection to unauthorized use of summary procedure, based on the rendition of a money judgment and modification of inspection rights, contemporaneously with the hearing of a contempt rule, was waived by his failure to specifically urge his dilatory exception prior to commencement of trial, citing in support thereof La.C.Civ.Pro. Arts. 928, 2593.
Use of summary proceedings is limited to those matters enumerated in La.C.Civ.Pro. Art. 2592. A rule to show cause is among the authorized matters for summary procedure. However, damages are not recoverable on a rule to show cause; in the absence of special provisions, they may only be recovered via ordinaria. Major v. Hall, 262 La. 243, 263 So.2d 22 (1972). Furthermore, modification of inspection rights is not a punishment for contempt of court provided by law. La.C.Civ.Pro. Art. 227; La.R.S. 13:4611.
Mr. Devillier’s exception of prematurity was not waived. The rule to show cause was limited to the issue of contempt. When Mr. Devillier appeared in court on November 19,1982, he appeared in response to a rule which ordered him to show cause only as to why he should not be held in contempt for having violated the previously issued order regarding inspection rights. The matters of money damages and modification of inspection rights are not proper subjects for summary disposition, absent a consent and waiver of delays by Mr. Devillier. There is no indication in the record that Mr. Devillier consented to broadening the scope of the hearing. There was nothing about the conduct of the proceedings that would have given Mr. Devillier reason to suspect the hearing was not confined to contempt. Not until the trial judge announced his decision did it become apparent the court was considering issues other than contempt.
Although Mr. Devillier did not enter a formal objection, a layman could not be expected to know the formalities of court procedure for entering such objections into the record. Technical pleading rules should not triumph over actual justice. Hardy v. Kidder, 292 So.2d 575 (La.1973); Weinberger Sales Co. v. Truett, 2 So.2d 699 (La.App.Orl.1941).
Accordingly, the judgment of contempt is affirmed; in all other respects the judgment appealed from is reversed and the case is remanded for further proceedings in accordance with law.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. The details of the aforesaid proceeding are set forth in Devillier v. Devillier, 417 So.2d 1334 (La.App. 3rd Cir.1982).