498 So.2d 1097 (1986)
Burton DENNIS, et ux., Plaintiffs-Appellants,
v.
Emmett D. VANDERWATER, et ux., Defendants-Appellees.
No. 85-1144.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Writ Denied January 30, 1987.
*1098 W. Ross Foote, Alexandria, for plaintiffs-appellants.
Edward A. Kaplan, Alexandria, for defendants-appellees.
Before GUIDRY, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
The plaintiffs instituted this monition proceeding to confirm a sale by the sheriff of Rapides Parish on May 13, 1981, for unpaid taxes of 1980. The property was then owned and assessed to Emmett D. and Aline Vanderwater, 405 Sunnyhill Drive, Pineville, Louisiana, 71360. Due notice of the delinquency and sale if the taxes were not paid within 20 days was sent to the owners at their correct address by registered mail, return receipt requested. The receipt, signed "Alfred", was returned to the sheriff's department in due course. The delinquent taxes were not paid and after the required advertisements the property was purchased at the tax sale by Burton Dennis, plaintiff, who paid the taxes due thereon for 1981, 1982, and 1983.
At the time of the tax sale there was of record a mortgage executed by the Vanderwaters to Rapides Bank & Trust Co. This mortgage was paid and cancelled November 16, 1982. On that same date18 months after the sheriff's salethe Vanderwaters executed another mortgage on the property to Pico Credit Corporation of Alexandria, Inc.
The present monition action was filed in 1985. In the meantime, on October 24, 1984, the Vanderwaters had executed a dation en paiement transferring the property to Pico in satisfaction of their debt. Pico intervened in the case and attacked the validity of the tax sale for lack of proper notice to the taxpayer.
After trial the district court set aside the tax sale as a nullity for lack of adequate notice to the tax debtors. The tax sale purchaser and his wife have appealed. We reverse.
Tax sales are presumed valid and the party attacking the sale bears the burden of proving its alleged invalidity. Meares v. Pioneer Production Corp., 382 So.2d 1009 (La.App. 3rd Cir.1980), writ refused, 392 So.2d 667 (La.1980). The test is not whether the tax debtor actually received notice, but whether the method used to notify the debtor complies with due process, *1099 which is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The emphasis is on the reasonableness of the method adopted by the state. Id., at 315, 70 S.Ct. at 657.
It is, of course, well established that LSA-R.S. 47:2180 requires that notice of the delinquency be sent to a taxpayer by certified mail, return receipt requested, before his property can be validly sold for unpaid taxes. It has repeatedly been held that where the tax debtor's correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received by the tax debtor to establish the validity of the sale. Carey v. Green, 177 La. 32, 147 So. 491 (La.1933); Goodwill v. Smith, 29 So.2d 188 (La.App. 2nd Cir.1947); Goodwin v. Newsome, 44 So.2d 189 (La.App. 2nd Cir. 1950); Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979); 155 A.L.R. 1279.
In Carey the Supreme Court said:
"When the marshal and tax collector of Minden sent to the plaintiff, the tax debtor, notice of delinquency `by registered mail,' he complied with the sole requirement of the statute, and performed his whole official duty in the matter, receipt of the notice by the tax debtor not being necessary. Hoyle v. Southern Athletic Club, 48 La.Ann. 879, 19 So. 937."
In Goodwill v. Smith, supra, the return receipt of the delinquency notice to the tax debtor bank was signed by an agent whose authority to do so was not established. Citing Carey the court maintained the validity of the sale and said that "... it was not necessary to the validity of the tax sale that such notice be actually received by the bank or anyone authorized by it."
In Goodwin v. Newsome, supra, the return receipt was signed by a neighbor whose testimony was unavailable because of her death prior to the trial. The plaintiff testified he had not received the notice, but the court said this had no bearing on the issue because written notice had been properly mailed to the tax debtor at the latter's correct address.
In his written reasons in the present case, the trial judge states that "there must be clear and convincing proof that notice was conveyed to the tax debtor." This statement is clearly erroneous. The burden rests with the party attacking the sale to prove by a preponderance of the evidence that notice was not sent to the correct address and that, therefore, steps taken to notify the tax debtor were not reasonable.
In this case, we are not even convinced that the tax debtors did not receive actual notice. The only evidence defendants present on this point is that the return receipt was signed "Alfred" and that neither of the Vanderwaters' names is Alfred. This evidence, in itself, proves nothing and defendants offer no explanation whatsoever to prove that the notice was not actually received by them. Although actual notice is not the test of validity of the sale, we discuss it because as the trial judge correctly noted, a tax sale is a "stringent remedy", and the purpose of the mailing requirements of LSA-R.S. 47:2180 is to convey actual notice.
Furthermore, defendants offer no evidence at all that the tax collector did not comply fully with the requirements of LSA-R.S. 47:2180, and the defendants offer no evidence that the requirements did not afford a reasonable means of getting actual notice to the tax debtor. The record plainly shows that the tax collector had the Vanderwaters' correct address, that notice was sent to that address by registered mail, that it was received and signed for by someone at that address, and that the receipt was returned. As indicated by the authorities cited above, particularly Goodwin v. Newsome and Securities Mrtg. Co., Inc. v. Triplett, actual notice is not essential *1100 to the validity of a tax sale as long as the method used by the state is complied with and it is reasonable. The defendants have failed to prove otherwise and we therefore disagree with the conclusion of the trial court and we find that adequate notice was given. The sale was valid.
Pico has cited several cases which held that where the return receipt for the mailed notice is returned to the tax collector undelivered or unclaimed, it is incumbent upon him to take other reasonable steps to notify the taxpayer of the pending sale, and that his failure to do so renders the tax sale null. Also, where the notice has been mailed to a tax debtor's incorrect address, the subsequent sale is also a nullity. Such decisions are inapposite, because the notice in this case was properly mailed to the tax debtors' correct address and there was no indication on the return receipt that the notice had not been delivered to the correct address.
Pico's contention that Securities Mortg. Co., Inc. v. Triplett, supra, was overruled by the United States Supreme Court in Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) is unconvincing. That case held the posting at the courthouse of notice of a tax sale under an Indiana statute which required notice to the mortgagee of property on which taxes were due did not satisfy due process. Until 1984, Louisiana did not have a statute requiring notice to the mortgagee. It does now. See La. R.S. 47:2180.1. The Mennonite Board case held that owners of legally-protected property interests, such as mortgagees, are entitled to due process notice provided the party's identity and location are reasonably ascertainable. In the present case Pico did not acquire its mortgage interest until one and one half years after the tax sale, and thus it could hardly be said that it was the owner of a legally-protected property interest at the time of the notice of the delinquency and the tax sale.
For the foregoing reasons, the judgment of the district court is reversed and the tax sale on May 13, 1981, of the following described property situated in Rapides Parish, Louisiana:
Five acres in the west half of west half of southeast quarter of southwest quarter of Section 9, Township 4 North, Range 3 East.
to Burton Dennis married to Beatrice Perkins, under an assessment to Emmett D. and Aline Vanderwater, is hereby homologated and confirmed. The costs of court are assessed to the appellee.
REVERSED AND RENDERED.