LOBRANO, Judge.
The sole issue in this appeal is whether the trial judge erred in awarding monetary damages in this summary eviction proceeding.
Plaintiff, Joseph Impastato, alleging non payment of rent for the months of July, August, September and October, 1985, filed a rule for possession of the premises at 531 St. Louis Street in New Orleans, La. Plaintiff also prayed for the subsequent termination of the lease and for all rents due.
Defendant, Frank Bruno, answered the rule admitting non payment of the rent, but sought, by way of reconventional demand, an abatement of the past due installments, plus all rents paid from January 1, 1985. He asserted that plaintiff had interfered with his peaceful possession and use of the premises. He also sought $88,500.00 reimbursement for the renovation of the premises, as well as mental and physical damages.
Following a hearing on the rule, the trial judge held that defendant had failed to pay rent from July 1st through the date of judgment, November 13, 1985. Plaintiff was awarded $2,000.00 in rent, subject to an abatement of $600.00 because use of the premises was made inconvenient and burdensome at times. The eviction was denied, and defendant’s claim for damages was dismissed.
Defendant perfects this appeal arguing that monetary damages cannot be awarded in a summary proceeding.
While it is true that summary proceedings should not be the vehicle to recover monetary damages, it is equally true that the defense of improper use of summary proceedings must be raised by dilatory exception. C.C.Pro.Art. 926(3). An exception to a summary proceeding shall be filed *190 prior to, and shall be disposed of on the trial. C. C.Pro. Art. 2593. “All objections which may be raised through the dilatory exception are waived unless pleaded therein.” C. C.Pro. Art. 926.
Defendant did not object to the improper use of summary proceedings. In fact, it was he who sought an abatement of rent and monetary damages by way of his answer and reconventional demand. We distinguish Devillier v. Devillier, 439 So.2d 667 (La.App.3rd Cir.1983), relied on by defendant. In Devillier, the defendant in rule was served the night before the hearing on the rule. He appeared in proper person the following morning and was unaware of the extent of the proceedings taking place. He was a layman who could not be expected to know the formalities of court procedure. The Court concluded that “[tjechnical pleading rules should not triumph over actual justice.” Id at 669.
Clearly, that is not the situation in the present case. Defendant is an experienced attorney represented by experienced attorneys. He sought monetary damages thru his reconventional demand in the summary proceedings. He did not object to its improper use, and thus waived his right to object on appeal.
AFFIRMED.