601 So.2d 358 (1992)
HODGES WARD PURRINGTON PROPERTIES, a Louisiana Partnership in Commendam
v.
The Honorable Harry LEE, Sheriff and Ex-Officio Tax Collector for Jefferson Parish.
STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION
v.
The Honorable Harry LEE, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson and McNamara Investment Corporation.
Nos. 92-CA-117, 92-CA-118.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1992.
Gerald P. Webre, Metairie, for plaintiffs/appellees.
Sidney H. Cates, IV, Rebecca J. King, New Orleans, for defendant/appellant.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Hodges Ward Purrington Properties, a Louisiana partnership in commendam, (Hodges Ward) was the sole owner of certain immovable property in the Bainbridge Office and Industrial Park in Kenner. Standard Federal Savings and Loan Association, (Standard) holds the mortgage on the property. As a result of the failure of Hodges Ward to pay property taxes due on the property for the year 1990, the property was transferred on May 29, 1991 to McNamara Investment Corporation (MIC) for $25,103.25. That amount was equal to the entire amount of taxes, interest and costs due on the property.
*359 In August, 1991 Hodges Ward tendered a redemption payment to MIC which was refused as insufficient. MIC asserted that the amount tendered did not include rents and revenues generated by the property from the date of MIC's ownership to the date of tender.
On August 30, 1991 Hodges Ward filed a petition for writ of mandamus directed to the Honorable Harry Lee, in his official capacity as Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson directing him to accept the amount tendered by Hodges Ward and executing a certificate of redemption. MIC was not made a party to that suit.
On September 26, 1991 in a separate proceeding, Standard Federal Savings and Loan Association (Standard) filed a petition for annulment of the tax sale or, in the alternative, for a writ of mandamus to redeem the property. The Honorable Harry Lee and MIC were made defendants in that proceeding.
Both matters were consolidated for trial and after further proceedings the trial court rendered judgment declaring the tax sale to be,
"void ab initio, for the reason that notice of the said tax sale was never given to the mortgage holder, Standard Federal Savings & Loan Association, as shown in the memorandum in Support of the Petition for Annulment of the tax sale, specifically, the repeated holdings of the United States Supreme Court. (See Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180, (1983)."
In accordance with that finding the trial court ordered Sheriff Lee to accept the sum of $28,360.25, necessary to redeem as of the date of tender and to execute a certificate of redemption on the property. MIC appeals that judgment. We reverse.
The property in question was seized and sold for failure to pay property tax in accordance with LSA-R.S. 47:2178 et seq. There is no indication either in the record or in brief to this court that the taxes were falsely alleged to be delinquent or that the sale was not properly advertised. It is the lack of notice to the mortgage holder which the trial judge found to be a fatal flaw in the validity of the tax sale.
Tax sales are presumed valid and the party attacking the sale bears the burden of proving its alleged invalidity. Meares v. Pioneer Production Corp., 382 So.2d 1009 (La.App. 3rd Cir.1980), writ denied 392 So.2d 667 (La.1980); Dennis v. Vanderwater, 498 So.2d 1097 (La.App. 3rd Cir.1986); writ denied 501 So.2d 211 (La. 1987).
In the Memorandum in Support of the Petition for Annulment of the Tax Sale filed by Standard and relied upon by the trial court, it is argued that failure to provide notice to Standard as the mortgage holder is a violation of Standard's right to notice under the Due Process Clause of the Fourteenth Amendment. In support of its claim Standard cites Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). In Mennonite the United States Supreme Court ruled that owners of a legally protected property interest such as mortgages, are entitled to due process notice provided the party's identity and location are reasonably ascertainable. Dennis v. Vanderwater, supra.
In 1983 when Mennonite was decided, that argument may have been persuasive since at that time Louisiana had no statutory requirement for notification of mortgage holders in a tax sale. However, in 1984 the legislature enacted LSA-R.S. 47:2180.1 which reads as follows:
A. On the second day of January each year or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable *360 property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee. The notification by the mortgagee to the tax collector shall state the legal description of the immovable property and the name of the record owner. The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice. The notification by the mortgagee to the tax collector shall be renewed annually.
B. (1) If one person holding a properly recorded mortgage on immovable property holds more than one properly recorded mortgage on the same immovable or if one mortgagee holds properly recorded mortgages on more than one immovable and taxes on the immovable are delinquent, the tax collector shall send only one written notice to the holder of the properly recorded mortgage as required by R.S. 47:2180.1(A) listing every immovable on which the person holds a properly recorded mortgage and the taxes which are delinquent and due for each immovable.
(2) Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein. (Emphasis added)
We find that statute to be dispositive of this matter. Standard made no claim that it notified the tax collector of its mortgage as required by LSA-R.S. 47:2180.1 A. Therefore, Standard has not met the burden of proof that the sale was invalid for failure to afford proper notice to the mortgage holder pursuant to LSA-R.S. 47:2180.1. We also note that LSA-R.S. 47:2180.1 B(2) prohibits annulment of a tax sale due to lack of notice to the mortgagee.
In brief to this court Standard argues that the requirements of LSA-R.S. 47:2180.1 are unconstitutional because they represent "an obvious attempt to circumvent the constitutional precondition required by the Supreme Court." We are unable to address the constitutionality of LSA-R.S. 47:2180.1 since it is well established that the constitutionality of a statute must first be questioned in the trial court, not the appellate court. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); writ denied 542 So.2d 1383 (La.1989); Travers-Wakeford v. St. Pierre, 585 So.2d 580 (La.App. 4th Cir.1991). Furthermore, the claim of unconstitutionality must be specifically pleaded in a proceeding in which the Attorney General is served as an indispensable party. Lemire v. New Orleans Public Service, Inc., supra; Travers-Wakeford v. St. Pierre, supra. Consequently, we find that the trial court erred in finding the tax sale void ab initio and we reverse that judgment without comment on the constitutionality of LSA-R.S. 47:2180.1.
The appellant also argues that the trial court erred in deciding the validity of a tax sale in a summary proceeding. Appellant contends that the validity of the sale was decided in a mandamus proceeding, which is summary in nature, and unauthorized in this instance. We note that the mandamus proceeding to which appellant objects was consolidated with a petition to annul the tax sale. Thus, the matter was not decided solely on a writ of mandamus.
LSA-C.C.P. art. 926 requires that any objection of unauthorized use of summary proceeding or improper cumulation of actions must be raised through the dilatory exception and are waived unless pleaded therein. The record contains no exception filed by MIC in this regard. Therefore, we are unable to address this issue on appeal. See Impastato v. Bruno, 503 So.2d 189 (La.App. 4th Cir.1987).
Because the trial court decided incorrectly that the tax sale was invalid ab initio, the record contains insufficient evidence on the matter of redemption and the monetary amount necessary for redemption for our review. Consequently, we reverse the judgment declaring the tax sale to be invalid and we remand the matter for the consideration of redemption.
REVERSED AND REMANDED.