629 So.2d 1366 (1993)
Frank G. DeSALVO
v.
Louis J. ROUSSEL, Jr.
Louis J. ROUSSEL, Jr.
v.
Nancy Mariano DESALVO and Frank G. DeSalvo.
Nos. 93-CA-0893, 93-CA-0894.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
*1367 Frank G. DeSalvo, New Orleans, for Frank G. DeSalvo and Nancy M. DeSalvo.
Peter J. Butler, Peter J Butler, Jr., Locke Purnell Rain Harrell, New Orleans, for Louis J. Roussel, Jr.
Before KLEES and LANDRIEU and Dixon, J. Pro Tem.
JOHN A. DIXON, Jr., Judge Pro Tem.
In November 1981, Frank G. DeSalvo and his former wife, Nancy M. DeSalvo, purchased a French Quarter condominium at 1008½ St. Peter Street in New Orleans as a second home. On October 10, 1984, as a result of a community property settlement, Frank DeSalvo became the sole owner of the condominium. The condominium, however, was sold at public auction on December 10, 1984 because the 1983 ad valorem taxes assessed on the property were not paid. The taxes were assessed in the name of Mr. and Mrs. Frank G. DeSalvo.
On June 13, 1990, the DeSalvos filed a petition to annul the tax sale, claiming that notice of the delinquent taxes was not given to them, the record owners of the property. On September 11, 1992, Louis J. Roussel, Jr., the party who had purchased the condominium at the public auction, filed a Petition to Quiet Tax Title and for Recognition as Owner of the Property. The DeSalvos' and Roussel's petitions were consolidated.
Roussel subsequently filed a motion for summary judgment, requesting that the DeSalvos' petition be dismissed, that he be recognized as the legal owner of the condominium, and that Mr. DeSalvo be ordered to surrender possession of the condominium. The Trial Judge granted Roussel's motion for *1368 summary judgment, dismissing the DeSalvos' petition, affirming the tax sale and recognizing Roussel as the legal owner of the property, as well as ordering DeSalvo to surrender possession of the property to Roussel. Frank DeSalvo and Nancy DeSalvo appeal this ruling.
The Trial Judge found that the tax collector sent notice to the DeSalvos by certified mail in accordance with La.R.S. 47:2180(A) that taxes were delinquent and subject to being sold by tax sale. The Judge also found that the certified mail receipt was received and executed on June 19, 1984 by Gerald DeSalvo, the DeSalvos' minor son. Noting that during 1983, the year the taxes were not paid, and on June 19, 1984, when Gerald DeSalvo acknowledged receipt of the notice of tax sale, the record owners of the property were Mr. and Mrs. Frank G. DeSalvo, the Judge determined that notice was sent to the DeSalvos at the address shown in the City tax roles as the address of the record owners of the property.
Considering the law and the record in this case, the Trial Judge's findings and conclusion are sound.
Tax sales are presumed valid, and the party attacking the sale bears the burden of proving its alleged invalidity. Hodges Ward Purrington Properties v. Lee, 601 So.2d 358, 359 (La.App. 5th Cir.1992); Dennis v. Vanderwater, 498 So.2d 1097, 1098-1099 (La.App. 3rd Cir.1986), writ denied, 501 So.2d 211 (La.1987). Specifically, the party attacking the sale must prove by a preponderance of the evidence that the notice was invalid and that the steps taken to notify the tax debtor were unreasonable. Vanderwater, supra. The DeSalvos failed to prove the tax sale was invalid.
On appeal, the DeSalvos assert that the certified mail receipt was defective and, therefore, the tax collector did not comply with R.S. 47:2180 to notify the delinquent tax debtor of the tax sale. Hence, the DeSalvos argue, the tax sale should be declared null.
In 1984, R.S. 47:2180(A) provided:
On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after service or mailing of the notice, or that the property will be sold according to law.
In New Orleans, "the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer." R.S. 47:2180(B).
There were no obvious defects on the certified mail receipt. The notice was sent by certified mail to Mr. and Mrs. Frank G. DeSalvo, the record owners, at 4841 St. Bernard Avenue in New Orleans, which was their address on the City tax rolls. Gerald DeSalvo executed the certified mail receipt which was returned to the tax collector dated June 16, 1984.
Under R.S. 47:2180 it does not matter that Gerald DeSalvo was not the addressee or that he was 13 years old, nor is it of any moment that he signed on the line for addressee rather than agent. And, even if the receipt was "defective" as the DeSalvos claim, the statute does not require the tax collector to take any additional steps.
The DeSalvos claim that the tax sale should be annulled because neither of them received proper notice of the tax sale. In Vanderwater, supra., the Court stated, "it has been repeatedly held that where a tax debtor's correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received by the tax debtor to establish the validity of the sale." 498 So.2d at 1099. See also, Securities Mortgage Co. v. Triplett, 374 So.2d 1226, 1231 (La.1979).
In Vanderwater, proper notice was sent by certified mail, return receipt requested, to the record owners at their correct address. The return receipt was signed by someone the tax debtors did not know. Nonetheless, the court held that the tax collector had *1369 discharged his duty, and the tax sale was valid. 498 So.2d 1097. See also, Tornabene v. Zor, 188 So.2d 75 (La.App. 4th Cir.1966). As Roussel points out, and the caselaw supports, the crucial issue is whether the tax debtor was properly given the notice, as opposed to properly receiving the notice.
The DeSalvos' theory that notice was defective because Mr. DeSalvo no longer lived at the address where the notice was sent, is meritless. Cases that the DeSalvos cite for this proposition are distinguishable. The cases involved a situation where the mailed notice was returned to the tax collector undelivered or unclaimed, where notice was mailed to an incorrect address, or where notice was mistakenly sent to a party who had no interest in the property. In this case, notice was sent to the only two record owners of the property at the address of record of both co-owners.
In 1985, the legislature added subsection D to R.S. 47:2180, effective September 6, 1985, which is after the tax sale in this case and even after Roussel recorded his tax deed. The addition provides:
D. Within thirty days after the tax sale, or as soon thereafter as possible, the tax collector shall research the records of the clerk of court for transfers on all property sold. Within thirty days of finding a transfer of any property sold at a tax sale, the tax collector shall attempt to serve the new owner with a certified notice that the property was sold and include in the notice the amount necessary to redeem the property. This notice shall also advise the owner that the property may be redeemed at any time within three years from the date of recordation of the sale. This shall serve as the required notice to the record owner in Subsection A of this Section.
The DeSalvos' arguments in favor of applying this provision retroactively are meritless. First, as a policy matter, compelling the state's tax collectors to go back and search the records for past transfers on all property ever sold by tax sale, would be an unjustified burden. Second, even if section D applied in this case, Mr. DeSalvo did not become a "new owner" of the property after his community property settlement, so that a search of the records for transfers would reveal nothing in terms of a different address for him.
Overall, the DeSalvos have not shown that the notice was sent to the wrong address nor that the steps taken to notify them of the tax sale were unreasonable.
Summary judgment is appropriate as a matter of law if contested facts present no legal issues. FSLIC v. Brocato, 569 So.2d 17, 19 (La.App. 4th Cir.1990). In this case, the DeSalvos argue that notwithstanding the executed certified mail receipt in evidence, issues of material fact remain unresolved. These issueswhether Gerald DeSalvo signed and/or dated the receipt, whether Mr. DeSalvo lived at the address where the notice was sent and whether Frank DeSalvo or Nancy DeSalvo ever received actual or constructive notice of the tax saleare, pursuant to statute and the jurisprudence, immaterial as far as determining whether the tax collector fulfilled his duty or whether the tax sale was valid.
The DeSalvos also argue that Roussel's Petition to Quiet Tax Title and for Recognition as Owner is incorrect procedurally because Mr. DeSalvo has possessed the property from the date of the tax sale through the date of summary judgment. The only problem we discern is that R.S. 47:2228 on the procedure to quiet tax titles does contemplate that a petition to quiet a tax title is instituted before a proceeding to annul a tax sale. In this case the DeSalvos had filed a petition to annul before Roussel filed his petition to quiet tax title. Neither this situation nor the consolidation of the two petitions, however, is prohibited by the relevant statutes.
Furthermore, the only effect Mr. DeSalvo's continued possession of the property had was his ability to bring an action to annul the tax sale. The references to a five year prescription and a tax debtor in possession in R.S. 47:2228 involve actions to annul a tax salea proceeding which Mr. DeSalvo instituted timely and properly in this case.
Moreover, the Trial Court's order to DeSalvo to surrender possession of the property *1370 was a valid response to Roussel's portion of his petition seeking recognition as owner of the propertya petitory action pursuant to La.C.C.P. art. 3651 et seq. And, at any rate, Roussel, after obtaining judgment, moved for an order of seizure and possession under R.S. 47:2185. The Trial Judge then issued a writ of seizure and possession commanding the Civil Sheriff to place Roussel in actual possession.
The DeSalvos also assert that if this Court affirms the Trial Court's judgment, Roussel should be ordered to pay Mr. DeSalvo for expenses and costs associated with the upkeep of the property for the years he possessed the property. The DeSalvos claim that Roussel was unjustly enriched by Mr. DeSalvo's money and effort. Mr. DeSalvo, however, has been in possession of the property for the past nine years, until January 1993 when the Trial Judge granted summary judgment. His money and effort have enured to his own benefit; Roussel has not been unjustly enriched.
Accordingly, we affirm the ruling of the Trial Court granting summary judgment. Costs of this appeal are assessed to Frank DeSalvo and Nancy DeSalvo.
AFFIRMED.