JiDOUCET, Chief Judge.
This appeal arises out of an action filed by the plaintiffs, Claude Oliver and his wife, Beatrice Oliver, to quiet title to property they acquired at a tax sale.
The parties stipulated to the facts, which were outlined by the trial judge in his written reasons for judgment as follows:
*1087 ZERINGUE was the owner of a certain piece of property located in Jefferson Davis Parish, LA. which he acquired on March 5, 1979. OLIVER acquired a 48% interest in the property by virtue of a tax sale on March 10,1989 for unpaid taxes for the year 1988. He also acquired an additional 1% of the property by virtue of a tax sale on May 16, 1990 for unpaid taxes for the year 1989.
|20n October 5,1993, OLIVER filed this action to quiet the tax titles. A reconven-tional demand to set aside the tax sales was filed by ZERINGUE on May 27,1994.
Andrew LeBlanc obtained a judgment dated June 1,1984 against ZERINGUE in the sum of $5,000 which was an encumbrance on the property at the time of the tax sales. Larry Derouen acquired this judgment from LeBlanc on May 24, 1994 and then acquired the property from ZE-RINGUE in March of 1996 prior to the trial of this matter.
The deed transferred to Derouen all past, present and future interests in the property, including any rights of redemption concerning any tax sales. LARRY DEROUEN and his wife, RENEL DER-OUEN (DEROUEN) were substituted as parties defendant in place of ZERINGUE.
From the date ZERINGUE purchased the property until 1984, all tax notices were sent to him at the address of Box 181, Welsh, LA. In 1984, all tax notices were sent to him c/o Leslie Zeringue at Route 3, Box 598, Jennings, LA. Beginning in 1985, all tax notices were sent to ZE-RINGUE c/o Louisiana Bank and Trust Company at the address of P.O. Box 496, Crowley, LA. The Tax Assessor prepares the tax roll from the address provided in the deed of acquisition, or as instructed by the owner of the property, the mortgage holder, or other parties of interest. The Tax Assessor has no record of who authorized or requested the changes of address to send the tax notices. The Sheriff received payment for the 1984 taxes directly from Louisiana Bank and Trust Company and, at that time, the whereabouts of ZE-RINGUE were unknown.
It is stipulated that the Sheriff only sent notices of the tax delinquency and the tax sales to Louisiana Bank and Trust Company, a mortgage holder on the property. Neither ZERINGUE, the tax debtor, nor LeBlanc, the judgment creditor, received any notice.
The trial judge found that Zeringue, the owner and tax debtor, was not properly notified of the tax sale. As a result, he found that the tax sales were absolutely null and that as a result the peremptive period of La. Const, art. VII, § 25(C) was inapplicable. He rendered judgment in favor of Derouen on the reconventional demand, annulling the tax sales and dismissing the plaintiffs’ suit. Finally, the trial kludge made the judgment dependent on the payment by Derouen of all taxes, costs and interest incurred by the Olivers. The Olivers appeal.
The Olivers argue that the trial judge erred in finding that Zeringue was not properly notified of the tax sales. They contend that the notice sent to Zeringue in care of Louisiana Bank and Trust in Crowley, Louisiana, was sufficient because the law requires only that notice be sent, not that it be received. The plaintiffs cite Dennis v. Vanderwater, 498 So.2d 1097 (La.App. 3 Cir.1986), writ denied, 501 So.2d 211 (La.1987) in support of this argument.
The court in Dennis stated that:
Tax sales are presumed valid and the party attacking the sale bears the burden of proving its alleged invalidity. Meares v. Pioneer Production Corp., 382 So.2d 1009 (La.App. 3rd Cir.1980), unit refused, 392 So.2d 667 (La.1980). The test is not whether the tax debtor actually received notice, but whether the method used to notify the debtor complies with due process, which is “notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The emphasis is on the reasonableness of the method adopted by the state. Id., at 315, 70 S.Ct., at 657.
*1088 It is, of course, well established that LSA-R.S. 47:2180 requires that notice of the delinquency be sent to a taxpayer by certified mail, return receipt requested, before his property can be validly sold for unpaid taxes. It has repeatedly been held that where the tax debtor’s correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received by the tax debtor to establish the validity of the sale. Carey v. Green, 177 La. 32, 147 So. 491 (La.1933); Goodwill v. Smith, 29 So.2d 188 (La.App. 2nd Cir.1947); Goodwin v. Newsome, 44 So.2d 189 (La.App. 2nd Cir.1950); Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979); 155 A.L.R. 1279.
14Id. at 1098-1099 (emphasis added). See also Dockery v. J.H. DuPont, 93-1021 (La.App. 3 Cir. 4/6/94); 635 So.2d 679 and Hebert v. Wise, 92-2287 (La.App. 3 Cir. 12/15/95); 666 So.2d 409.
Under the circumstances, we cannot say that notice sent to Mr. Zeringue in care of a bank was “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Dennis, 498 So.2d at 1099 citing Mullane, 339 U.S. at 314, 70 S.Ct. at 657. Accordingly, we find no error in the trial court’s, finding that notice of the tax sale was not sufficient. Therefore, the trial judge correctly found that the tax sale was null. SeeState Through Dept. of Transp. & Development v. Knight, 93-767 (La.App. 3 Cir. 2/2/94); 631 So.2d 714, unit denied, 94-0571 (La.4/22/94); 637 So.2d 161.
The plaintiffs’ remaining assignment of error concerns the applicability of the five year peremptive period for tax sales provided by La. Const, art VII, § 25(C). However, the plaintiffs concede that their ability to prevail on this issue depends on a finding that appropriate notice was sent to the tax debtor. Since we have found that the appropriate notice was not sent, we need not consider this argument.
The judgment of the trial court is affirmed. The plaintiffs are ordered to pay the costs of this appeal.
AFFIRMED.