# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-988

**DUNCAN OIL, INC.**

**VERSUS**

**STATE OF LOUISIANA MINERAL AND ENERGY BOARD, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-4513
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**DAVID E. CHATELAIN\***
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Van H. Kyzar, and David E. Chatelain, Judges.

**AFFIRMED.**

_____

*\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.*

**Charles Schrumpf**
**Schrumpf Law Office, APLC**
**3801 Maplewood Drive**
**Sulphur, LA 70663**
**(337) 625-9077**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Anthony Joseph Palermo, Sr.**

**Van C. Seneca**
**Van C. Seneca, L.L.C.**
**405 West College Street**
**Lake Charles, LA 70602-3747**
**(337) 439-1233**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Clark Real Estate Enterprises, Inc.**

**Jeff Landry**
**Attorney General for the State of Louisiana**
**Harry J. Vorhoff**
**Ryan M. Seidemann**
**Michael S. Heier**
**Assistant Attorneys General**
**Civil Division**
**1885 North Third Street**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6085**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **The Louisiana State Mineral andEnergy Board**

**Jamie S. Manuel**
**Mayhall F. Blaize**
**Mayhall & Blaize, LLC**
**5800 One Perkins, Suite 2B**
**Baton Rouge, LA 70808**
**(225) 810-4998**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Duncan Oil, Inc.**

**CHATELAIN, Judge.**

In this concursus proceeding, the Louisiana State Mineral and Energy Board (State) appeals the trial court's grant of summary judgment, declaring ownership of the disputed property in favor of the defendants, Anthony Joseph Palermo, Sr. (Palermo) and Clark Real Estate Enterprises, Inc. (Clark). Additionally, the State appeals the trial court's denial of its motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The issue in this concursus proceeding arises out of a title dispute with respect to certain immovable property, comprising twenty acres, located in Calcasieu Parish, Louisiana, more particularly described as the West Half of the Northwest Quarter of the Northeast Quarter of Section 17, Township 9 South, Range 10 West (disputed property). A portion of the disputed property is located within the geographical boundaries of the HBY RC SUA and its Unit Tract 2, which Duncan Oil, Inc. (Duncan) operates. Duncan executed oil, gas, and mineral leases with Palermo, Clark, and the State covering their interest, whatever it may be, in the disputed property.[1]

On November 7, 2014, Duncan filed its Petition for Concursus in which it sought to deposit into the registry of the court "the revenue from production attributable to Unit Tract 2 and to allow the defendants to assert their claims thereto and as to the ownership of the Subject Property in this proceeding." Made defendants were Palermo, Clark, and the State.

In its petition, Duncan explained the State's claim to ownership arises from an adjudication to the State for non-payment of 1924 taxes pursuant to a tax sale

---

[1] Duncan executed its lease with Palermo on November 19, 2013, its lease with Clark on January 15, 2014, and finally its lease with the State on February 26, 2014.

dated July 27, 1925. The adjudication specifically referenced the property subject to the tax sale as "$W^2$ of $NW^4$ NE of NW NE /and $S^2$ of $E^2$ of $S^2$ $NW^4$ of NE containing 25 acres Lots 1 to 1030 Inc in the same Section Township & Range." The petition also set forth Clark's and Palermo's claims of ownership through a redemption dated November 1, 1983, which described the redeemed property as "S ½ of E ½ of S ½ NW ¼ NE containing 25 acres Lots 1 to 1030 inc in same Section Township & Range." Based on this flawed description, the petition noted that the State has taken the position that the redemption failed to redeem the disputed property, and therefore, the property has "neither been redeemed nor cancelled nor sold out of the State's possession." Palermo and Clark dispute that position and additionally claim title to the property through a tax sale recorded on May 15, 1984, in which the property described as the "W/2 NW NE 17.9.10" was sold to Billy W. Clark, their ancestor in title.

Thereafter, the State moved for summary judgment, arguing there is no genuine issue of fact that certain acreages adjudicated to the State in 1925 were never validly redeemed, and thus, the disputed property is still owned by the State. In response, Palermo, joined by Clark, filed a cross-motion for summary judgment, arguing ownership of the disputed property was transferred to Clark through the 1983 redemption and the subsequent 1984 tax sale.

On August 4, 2016, the trial court held its hearing on the cross-motions for summary judgment. In support of its motion, the State submitted the affidavit of Spencer Robinson, the Administrator of the Louisiana State Land Office, certifying the copies of the following records:

(1) An excerpt from "Sales of Property to the State for Taxes 1924" containing "Process Verbal No. 22" in which the relevant property is named and described as:

2

$W^2$ NW$^4$ NE of NW NE /and S$^2$ of E$^2$ of S$^2$ NW$^4$ NE containing 25 acre Lots 1 to 1030 Inc in same Section Township & Range

and setting forth the total amount of taxes due at $24.09;[2]

(2) Request for and Certification of Redemption regarding the disputed property describing the property sought for redemption as:

S ½ of E ½ of S ½ NW ¼ NE containing 25 acres Lots 1 to 1030 inc in same Section Township & Range

and dated October 26, 1983, and November 1, 1983, respectively;

(3) Statement of Tax Due for Redemption amounting to $10.15 on the property described as:

S ½ of E ½ of S ½ NW ¼ NE containing 25 acres Lots 1 to 1030 inc in same Section Township & Range[;]

(4) Emails between Cindy Wright, Calcasieu Parish Deputy Tax Collector, and Faith LeRoy, State Public Lands Analyst, from August 2013, opining that, based on the parish records, the property was still adjudicated and never redeemed;

(5) Quit Claim Deed between Clark and Frank E. Poe, transferring title to "NW ¼ of NE ¼ 17-9-10" from Poe to Clark on March 9, 1984.

Palermo and Clark, in support of their motion, submitted various records tracing the description, ownership, and tax records of the disputed property from 1921 to 2014:

(1) Deed from Calcasieu Sulphur & Oil Co. to Whitford Mineral Co. Inc. describing the property as

W ½ of N.W. ¼ of N.E. ¼ and the South ½ of the East ½ of the S. ½ of N.W. ¼ of Section 17 Township 9 Range 10 West Mer Calcasieu Parish Louisiana containing twenty five acres. And all lots in Subdivision "B" in the same section and township from lot Number one to Lot Number one thousand and thirty, both inclusive, in accordance with the plan on file in the office of the Register of conveyances in the Parish of Calcasieu.

and recorded on November 7, 1921;

---

[2] Right below the description is a notation: "Redeemed #53013 11/1/83[.]" Only the "S$^2$ of E$^2$ of S$^2$ NW$^4$ NE containing 25 acre Lots 1 to 1030 Inc in same Section Township & Range" is circled.

3

(2) Tax Assessments of the property from 1921 to 1924 at which time the property description was recorded as

> W ½ NW NE of NW NE and S ½ of E ½ of S ½ NW NE *********** contg 25 acres. Lots 1 to 1030 inc in same Sec. Tp. and Range, Woodland 25 acres";

(3) Copy of Process Verbal No. 22;

(4) Tax Sale of 1922 assessing taxes and cost against Calcasieu Sulphur & Oil Co., "less 25 acres sold to Whitford Mineral Co. Inc.";

(5) Copies of the request for redemption, statement of taxes due, and the certification of redemption along with a letter from a Calcasieu Parish deputy tax collector to the Department of Natural Resources, Division of State Lands, requesting all the necessary papers to complete the redemption of the property described as:

> W ½ NW NE of NW NE & S ½ of E ½ of S ½ NW NE---CONTG. 25 ACS LOTS 1 TO 1030 INC. IN SAME SEC. TOWNSHIP & RANGE

(6) Copies of recorded transfers of interest in the disputed property from Clark to third parties, then back to Clark, and ultimately to Palermo (recorded on December 22, 2003);

(7) Three-Year Tax Certificate (2012-2014) certifying payment of taxes on property by Clark and/or Palermo and detailing payment by Clark every year back to 1985;

(8) Copies of survey and wetland delineation prepared for Palermo dated March 7, 2004;

(9) Letter by Faith LeRoy dated November 21, 2013, explaining the State's position as to ownership of the property;

(10) Affidavits from Palermo (attesting to ownership and activities associated therewith) and Kenneth Carl Johnson (attesting to possession of the property described as "Northwest Quarter of the Northeast Quarter, Section 17, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana" by Clark and/or Palermo from 1983 to present);

(11) Tax Sale Deed issued to Clark for the "E ½ NW NE 17.9.10" recorded on May 15, 1984, documenting taxes paid in the amount of $45.89;

(12) Tax Sale Deed issued to Clark for the "W/2 NW NE 17.9.10" recorded on May 15, 1984, documenting taxes paid in the amount of $91.18;

(13)    Whitford Plat of Tract B, depicting the subdivision of the acreage into lots 1 through 1030.

On the record, the trial court found:

The Court, believe it or not, has reviewed the documents that have been submitted prior to today's hearing. This is, obviously, a unique situation. Certainly, in my time on the bench and my private practice before coming to the bench, I've never had a situation quite like this. Interesting.

Based on what I've heard there is enough information here to lead me to believe this is not a matter that's appropriate for Summary Judgment.

The Motion for Summary Judgment by the State is denied at this time. I think there is enough information that needs to be reviewed that would keep me from granting the Motion for Summary Judgment, as it relates to the State.

Now, as to the matter of the reciprocal motion by Mr. Palermo as it relates to what this Court feels the documents present as to the purported ownership as it relates to Mr. Palermo. Quite honestly, I'm fairly certain that at least from my reading of the documents and the information that has been furnished thus far, I believe that Mr. Palermo owns the entire 25 acres of the property.

If there was a mistake made on behalf of the description or the Redemption or the claiming of taxes, I think it was made by the State.

I'm granting the Motion for Summary Judgment in favor of Palermo at this time.

On September 7, 2016, the trial court signed a judgment that provided, in

pertinent part:

IT IS ORDERED, ADJUDGED, AND DECREED, that the motion for summary judgment filed by THE LOUISIANA MINERAL BOARD be denied;
IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of ANTHONY JOSEPH PALERMO, SR., and CLARK REAL ESTATE ENTERPRISES, INC., and against THE LOUISIANA STATE MINERAL BOARD, declaring that Motion for Summary Judgment filed by ANTHONY JOSEPH PALERMO, SR. and joined in by CLARK REAL ESTATE ENTERPRISES, INC. is granted in their favor and that the ownership of the following described property is confirmed to them, to wit:

5

West Half of the Northwest Quarter of the Northeast Quarter (W/2 of NW/4 of NE/4) of Section 17, Township 9 South, Range 10 West, Calcasieu Parish, Louisiana.

The State timely filed its appeal in this court.

## DISCUSSION

The State assigns two errors to the trial court's judgment. First, it contends that, based on the law and evidence, the trial court erred in declaring Palermo and Clark owners of the disputed acreage. The State further contends the trial court erred in denying its motion for summary judgment, asserting its ownership of the disputed property.

An appellate court reviews a motion for summary judgment *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Just like the trial court, we must determine whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Procedurally, our first task is the determination of whether the moving party's motion, memorandum, and supporting documents are sufficient to resolve all material factual issues. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. "To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact." *Indus. Sand & Abrasives, Inc. v. Louisville and Nashville R.R. Co.*, 427 So.2d 1152, 1154 (La.1983).

In making this determination, the court must closely scrutinize the mover's supporting documents, while treating those submitted by the adverse party

indulgently. *Smith*, 639 So.2d 730. Moreover, because the moving party bears the burden of proving the lack of a material issue of fact, we must view all inferences drawn from the underlying facts in a light most favorable to the adverse party. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

If the court determines that the moving party has met this onerous burden, the burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). As our courts have long held, "summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court." *Smith*, 639 So.2d at 752.

At the outset, we note that this matter must be resolved in accordance with the procedural rule set forth in La.Code Civ.P. art. 3654, which provides:

> When the issue of ownership of immovable property or of a real right therein is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right therein is so presented, the court shall render judgment in favor of the party:
>
> > (1) Who would be entitled to the possession of the immovable property or real right therein in a possessory action, unless the adverse party proves that he has acquired ownership from a previous owner or by acquisitive prescription; or
> >
> > (2) Who proves better title to the immovable property or real right therein, when neither party would be entitled to the possession of the immovable property or real right therein in a possessory action.

Although Palermo and Clark indisputably are in possession of the disputed property, both they and the State seek to make out their title thereto. Accordingly, this court must render judgment in favor of the party who proves a better title to

the real interest in dispute. *Valvoline Oil Co. v. Krauss*, 335 So.2d 64 (La.App. 3 Cir. 1976). In the present case, the State deraigns its title claim to the 1925 adjudication, whereas Palermo and Clark deraign their claims to the 1983 redemption as well as the 1984 tax deed. Considering the documentary and other evidence presented, judgment must be rendered in favor of the State if we find that the adjudication transferred ownership of the disputed property to the State and that Clark did not redeem the disputed property in the 1983 redemption. Vice versa, if we find Clark successfully redeemed the disputed property in 1983 or acquired ownership of same in the 1984 tax deed, we must render summary judgment in favor of Palermo and Clark.

According to the State, the facts supporting its claim are "plain, undisputed, and determinative of ownership." The crux of the State's position rests on the boundaries of the property set forth in both the redemption request and redemption certificate as the "S ½ of E ½ of S ½ NW ¼ NE containing 25 acres Lots 1 to 1030 inc in same Section Township & Range." The State asserts it is "settled jurisprudence that a sale by given bounds conveys only the property within such bounds, and that acreage designations appended to such specific descriptions do not enlarge or restrict the grant described by the specific bounds." *Blevins v. Mfrs. Record Publ'g Co.*, 235 La. 708, 785, 105 So.2d 392, 419 (1958).

Moreover, the State claims the 1983 payment of taxes and costs supports the conclusion that the property description, not the referenced acreage, dictates the object of the conveyance. At the time of the 1925 tax sale, Whitford Mineral Co. owed a total of $24.09: $3.94 in state taxes; $5.54 for interest, advertising, and the costs of the adjudication; and $14.61 in parish taxes, including interest. In November 1983, the person seeking redemption also owed an additional 20% of the total owed at the time of the alleged redemption. *See* La.Const. art. 10, § 11

8

(1921).[3] Yet, Clark paid only $0.20 of the state taxes and only $1.07 of the costs of adjudication, substantially less than the costs and fees requisite for redemption of the disputed property. Therefore, because Palermo and Clark cannot establish any genuine issue of material fact regarding these public documents or that the existing facts support their claim to the property, the State concludes that summary judgment should have been granted in favor of the State and that this court should overturn the trial court's decision.

In opposition and as the basis of their motion for summary judgment, Palermo and Clark assert that they have been in possession of and been assessed with taxes on the forty-acre quarter section of land known as the Northwest Quarter of the Northeast Quarter of Section 17, Township 9 Range 10 West, in Calcasieu Parish, Louisiana, since 1983 via the redemption as well as the two subsequent tax sales. They further assert that when a portion of a property description is misleading, our jurisprudence requires the description must be read with and controlled by other parts, which explain it. *Landry v. McWilliams*, 135 La. 655, 65 So. 875 (1914). Moreover, Palermo and Clark contend that the jurisprudence of this state is well settled and established that "if a description of the property intended to be assessed or sold is so indefinite and uncertain as to be defective, resort may be had to evidence outside the assessment roll or tax deed to identify the property, provided such evidence establishes unmistakably the identity of the property." *Knapp v. Jefferson-Plaquemines Drainage Dist.*, 224 La. 105, 118, 68 So.2d 774, 778 (1953).[4]

---

[3] At the time of the adjudication, La.Const. art. 10, § 11 provided, in pertinent part: "the property sold shall be redeemable at any time during one year from date of recordation of the tax sale, by paying the price given, including costs and twenty percent thereon."

[4] *See also Hubbs v. Canova*, 401 So.2d 962 (La.1981); *Webb v. State, Dep't of Nat. Res.*, 50,492 (La.App. 2 Cir. 4/13/16), 194 So.3d 41, *writ denied sub nom. Webb v. State of La. Dep't of Nat. Res.*, 16-891 (La. 9/6/16), 204 So.3d 999.

9

From the redemption herein, it is evident that there is an internal inconsistency in the property description the State included in Process Verbal No. 22, as well as in the redemption deed: in the former, the inclusion of an additional "of NW NE" at the end of "$W^2$ $NW^4$ NE" erroneously reduces that first designation to 1.25 acres; and the latter's description of the "S ½ of E ½ of S ½ NW ¼" does not nearly contain twenty-five acres.  To the contrary, Palermo and Clark observe that the only twenty-five-acre portion inclusive of lots 1 to 1030—reference language common to both the Process Verbal and the redemption deed—is the disputed property.  And because Clark paid the amounts the State calculated as due, they claim the evidence shows he redeemed this property. Consequently, Palermo and Clark opine that they are the owners and are, therefore, entitled to judgment declaring their ownership as a matter of law.  After reviewing the evidence and applying the jurisprudential tenets necessary to untangle a tax redemption deed that contains a property description that is incomplete and does not intelligently describe the redeemed property, we agree with the assertions of Palermo and Clark.

The issue herein is the ownership of the disputed property—the W ½ of the NW ¼ of the NE ¼ of Section 17, Township 9, Range 10 in Calcasieu Parish. From the records submitted into evidence, the property is first referenced by deed dated November 7, 1921, in which Calcasieu Sulphur & Oil Co. sold to Whitford Mineral Co. the whole forty acres Clark and Palermo now claim to possess, including the 20 acres subject to this dispute:

> W ½ of N.W. ¼ of N.E. ¼ and the South ½ of the East ½ of the S. ½ of N.W. ¼ of Section 17 Township 9 Range 10 West Mer Calcasieu Parish Louisiana containing twenty five acres.  And all lots in Subdivision "B" in the same section and township from lot Number one to Lot Number one thousand and thirty, both inclusive, in accordance with the plan on file in the office of the Register of conveyances in the Parish of Calcasieu.

When Whitford Mineral Co. failed to pay taxes, the Calcasieu Parish Tax Collector attempted to conduct a tax sale in 1925. With no bidders, the sheriff adjudicated the property to the State. Significant herein, the Process Verbal described the property subject to the adjudication as "$W^2$ $NW^4$ NE of NW NE /and $S^2$ of $E^2$ of $S^2$ $NW^4$ NE containing 25 acre Lots 1 to 1030 inc in same Section Township & Range." These boundaries, however, do not depict the twenty-five acres sold to Whitford Mineral Co. by Calcasieu Sulphur & Oil Co. Rather, the "$W^2$ $NW^4$ NE of NW NE" only includes around 1.25 acres.[5]

Then in 1983, Clark attempted to redeem the adjudicated property. However, the only mention of the western half was made in the letter of redemption sent to the Louisiana Department of Natural Resources and was merely a copy of the erroneous description contained in the 1924 tax rolls, *i.e.*, "W ½ NW NE of NW NE & S ½ of E ½ of S ½ NW NE---CONTG. 25 ACS LOTS 1 TO 1030 INC. IN SAME SEC. TOWNSHIP & RANGE." As the State noted, the Redemption Request and Certificate fail to even mention the western half at issue herein, although all three documents related to the redemption clearly reference the twenty-five acres and lots 1 through 1030.

Because both the State and Palermo/Clark have moved for summary judgment on the issue of ownership, we must closely scrutinize all of the documents submitted. And under close scrutiny, all we can definitively say is that, while the documents purport to transfer twenty-five acres, none of the adjudication or redemption documents explicitly refer to the property at issue herein. Moreover, while the State argues boundaries control, the boundaries in the adjudication

---

[5] As Palermo and Clark explained:

> Because the Northeast Quarter of the section consists of 160 acres, the Northwest Quarter of the Northeast Quarter equals 40 acres. The Northwest Quarter of that forty acres equals 10 acres. The Northeast Quarter of that ten acres equals 2.5 acres. The west half of the 2.5 acres is 1.25 acres.

11

documents only represent 6.25 acres. Seen in this light, the resolution of the transfer of ownership by adjudication as well as by redemption poses an issue that might very well not be appropriate for summary judgment as the trial court found in denying the State's motion.

However, the remaining documents, particularly the two tax deeds from 1984, do expressly transfer to Clark both the "W/2 NW NE 17.9.10" and "E ½ NW NE 17.9.10," representing the original forty acres Calcasieu Sulphur & Oil Co. owned and later sold in part to Whitford Mineral Co. As owners in part of these forty acres, it logically follows Palermo and Clark own the disputed property, which comprises twenty of those acres. Based on these two tax deeds, reasonable minds must inevitably conclude that Palermo and Clark are the owners of the property and, therefore, are entitled to judgment on the facts before the court.[6] Accordingly, we affirm the trial court's grant of summary judgment in favor of Palermo and Clark, as well as its denial of the State's motion for summary judgment.

## DECREE

For the reasons discussed above, we affirm the trial court's judgment.

**AFFIRMED.**

---

[6] Interestingly in its reply brief, the State described the 1984 tax sale as a nullity, reasoning: "Because the disputed property was never redeemed, the State still owned the disputed property, and the 1984 tax sale was and remains an absolute nullity." This position, however, presupposes the State acquired the disputed property in the adjudication, which, as the trial court found, is an issue not ripe for summary judgment. Moreover, "[t]ax sales are presumed valid and the party attacking [the] sale has [the] burden of proving its alleged invalidity." *Hodges Ward Purrington Properties v. Lee*, 601 So.2d 358 (La.App. 5 Cir. 1992), citing *Meares v. Pioneer Production Corp.*, 382 So.2d 1009 (La.App. 3 Cir.), *writ denied*, 392 So.2d 667 (La.1980).