JASPER E. JONES, Judge.
This is an appeal of a trial court judgment reversing a decision of the Louisiana Board of Tax Appeals. The plaintiff-appel-lee is Hubert I. Hunt. The defendant-appellant is the Louisiana Department of Revenue and Taxation.
We reverse.
FACTS
On October 19, 1982, Bossier Mobile Homes, Inc., a commercial dealer and owner of a new mobile home, and Givens Travel Center, Inc., owner of Lot 48 of Mobile Estate Subdivision in Shreveport, Louisiana, executed a document denominated as an “Affidavit To Immobilize Mobile Home.” This document, which described the lot and the mobile home, represented an attempt to satisfy the requirements of LSA-R.S. 9:1149.4 and included a declaration by these two corporate entities that the mobile home would remain permanently attached to the residential lot.[1] On this date the plaintiff in separate documents purchased the mobile home and lot from the respective owners. On October 20, 1982, the plaintiff filed the affidavit, in addition to other documents connected with these purchases, in the conveyance and mortgage records of the Caddo Parish Clerk of Court.
By letter dated December 15, 1983, the defendant notified the plaintiff that a prior assessment dated a month earlier had not been paid and that he was now assessed the following amounts on the mobile home purchase:
sales tax due $656.00
interest due 123.00
penalty 164.00
title/mortg. fee 20.00
TOTAL DUE. $963.00
The plaintiff appealed the assessment to the Louisiana Board of Tax Appeals and a hearing was held on September 13, 1984. By a decision rendered on April 15, 1985, the sales tax assessment and title/mortgage fee were affirmed, the penalty and interest were waived upon payment and legal interest was charged on the assessed amount until payment was made.
*1281 The plaintiff appealed to the First Judicial District Court and, in a written opinion signed on October 22, 1985, the trial court held the “steps required by law” had been complied with in order that the mobile home cease to be subject to the applicable sales tax. By judgment signed on November 20, 1985, the decision of the Louisiana Board of Tax Appeals was reversed and the plaintiff was awarded the sums of $104.20 in court costs and $150.00 in transcript fees previously paid by the plaintiff.
The defendant appealed. The defendant’s sole assignment of error presents the following issues:
(1) Whether the trial court erred in ruling that immobilization could occur under LSA-R.S. 9:1149.4 when the owner of the mobile home does not own the land upon which it is placed.
(2) Whether the trial court erred in holding LSA-R.S. 9:1149.4 allowed the immobilization of the mobile home when the recordation of the immobilization act occurs after the sale.
We reverse the judgment on grounds other than those asserted by appellant. We conclude the owner of the mobile home at the time of recordation must have executed the act of immobilization.
LAW ON THE IMMOBILIZATION OF MANUFACTURED HOUSING
A manufactured home is a form of tangible personal property subject to sales tax upon its retail sale by a commercial dealer and the vehicle title law unless it is immobilized in the manner required by LSA-R.S. 9:1149.4. See LSA-R.S. 47:301(10), (16); LSA-R.S. 47:302(A)(1); LSA-R.S. 47:321(A)(1), (D); LSA-R.S. 32:701 et seq. The sales tax is due at the time of application for a certificate of title and shall be paid to the vehicle commissioner, as agent of the collector of revenue, by the vendee at the time the title is applied for. LSA-R.S. 47:303B(1), (3).[2] The vendee, as owner of the property, must file an application for a certificate of title within five days of delivery of the manufactured home. LSA-R.S. 32:707.[3]
An owner may transform the status of the manufactured home from personal property into immovable property by complying with the requirements of the Manufactured Home Property Act. LSA-R.S. 9:1149.1 et seq. Upon compliance with the requirements of the statute the manufactured home will cease to be subject to the vehicle title law and taxes applicable to movables.[4]
The judicial review of decisions of the Louisiana Board of Tax Appeals is limited to questions of law when there is no dispute as to the facts. Modern Homes & Equip, v. Collector of Revenue, 422 So.2d 1237 (La.App. 1st Cir.1982), writ den., 429 So.2d 128 (La.1983).

Is sales tax owed on the purchase of the mobile home?

Initially we note the defendant is incorrect in asserting there must be a unity of *1282 ownership of the land and the mobile home before immobilization can take place. The statute does not expressly require such a prerequisite and the law recognizes the separate ownership of land and buildings. See LSA-C.C. arts. 463, 464, 491, 493.
The defendant also contends that only mobile homes that have been earlier immobilized by their owners can be sold without being subject to the certificate of title law and the taxes applicable to movables. The defendant asserts that a new or used mobile home may not be immobilized at the time of the sale. The statute contains no such prohibition. One method of immobilization provided for in the statute is to include the declaration of mobilization within the act of sale. The statute clearly states immobilization can take place by the owner recording one of the described documents describing the real property and the mobile home wherein the owner states the mobile home will be permanently attached to the described land. The immobilization statute should be construed in pari materia with the statute requiring the title application to be made within five days from delivery and the tax statute requiring payment of the tax at the time of application for title. Once immobilization is properly accomplished LSA-R.S. 9:1149.4, by its clear provisions, thereafter excludes the application of the vehicle title law and the sales tax law. For the reasons here stated it is apparent that if the purchaser of a new or used mobile home complies with the immobilization statute within five days of the delivery of the mobile home, it becomes immovable property not subject to the vehicle title law or taxes applicable to movable property.
The true issue in this appeal is whether all the requirements of LSA-R.S. 9:1149.4 have been complied with in order that immobilization occurred prior to the sales tax and title fees becoming payable. No party questions the correctness of the assertion of the facts that the mobile home was physically located upon the lot at the time of the sale or the validity of the sale itself.
The record establishes a bill of sale was completed on October 19, 1982, when the mobile home was sold to the plaintiff. The record also reveals the documents recorded on October 20, 1982, contains a declaration by the former owner of the mobile home that the property shall remain permanently attached to the residential lot.
It is clear the plaintiff has not met all of the requirements of LSA-R.S. 9:1149.4. On October 20, 1982, when he recorded the documents concerning the purchase of the mobile home and lot, he failed to include a declaration by himself, as the present owner, that the mobile home would remain permanently attached to the lot. We determine that recordation of such a declaration completed by the plaintiff’s vendor does not comply with the statute. The clear wording of the Manufactured Home Property Act contemplates such documentation be completed and recorded by the present owner and not his vendor. It is the present owner who is subject to payment of the sales tax, and it is he whom the statute requires to make and record the declaration in the specified act. As the plaintiff failed to comply with this aspect of the statute, then the status of the mobile home never changed and it was, and is, subject to the imposition and payment of the sales tax.
The trial court was clearly wrong in ruling that all of the steps required by law had been complied with in order for the plaintiffs mobile home to cease to be subject to. the payment of sales tax and title fees.
CONCLUSION
The judgment is REVERSED. The decision of the Louisiana Board of Tax Appeals rendered on April 15, 1985, is reinstated.
All costs are assessed against the plaintiff.

. § 1149.4. Immobilization
A manufactured home placed upon a lot or tract of land shall be an immovable when there is recorded in the appropriate conveyance or mortgage records of the parish where the said lot or tract of land is situated an authentic act or a validly executed and acknowledged sale or mortgage or sale with mortgage which contains a description of the manufactured home as described in the certificate of title or manufacturer's certificate of origin and a description of the lot or tract of land upon which the manufactured home is placed, and contains a declaration by the owner of the manufactured home and, when applicable, the holder of a mortgage on the manufactured home, that it shall remain permanently attached to the lot or tract of land described in the instrument.
Upon recordation of the act described above, the manufactured home shall cease to be subject to the application of Chapter 4 of Title 32 of the Louisiana Revised Statutes of 1950 and the taxes applicable to movables and shall thereafter be subject to all laws concerning immovable property, however, nothing herein shall be construed to affect the rights of the holder of a validly recorded chattel mortgage duly noted on the certificate of title, [emphasis added].

.§ 303. Collection
[[Image here]]
B. Collection of tax on vehicles. The tax imposed by R.S. 47:302(A) on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax shall be collected as provided in this Subsection.
(1) The tax levied by R.S. 47:302A on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue at the time of application for a certificate of title ...
[[Image here]]
(3) ... It is the intent of this subsection to transfer the collection of the sale and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue. [emphasis added]

. § 707. Application for certificates of title
A. The purchaser must in all cases file an application for certificate of title within five days after the delivery of such vehicle; provided, however, that dealers need not apply for certificate of title for any vehicle acquired for stock purposes, if upon reselling such vehicle the dealer complies with the requirements of R.S. 32:705. [emphasis added]

. See also LSA-R.S. 9:1149.4 at Footnote #1, supra.