574 So.2d 539 (1991)
In re O.B. CAMPBELL, Applying For Monition.
No. 89-780.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
Writ Denied April 5, 1991.
Thomas & Dunahoe, Robert Thomas, Natchitoches, for appellant.
Kenneth N. Simmons, Many, for appellee Campbell.
Bonnie Moore, Many, for appellee Sheriff.
Before DOMENGEAUX, C.J., and LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
John Wayne Beasley lost his campsite on Toledo Bend Lake in Sabine Parish at a tax sale on May 22, 1985, because he did not pay his 1984 taxes. O.B. Campbell bought the property at the tax sale, then brought this monition proceeding in June 1988, just three years later. After a trial, the district judge confirmed and homologated the tax sale. Beasley appealed. We reverse the monition judgment, and grant judgment in favor of Beasley annulling the tax sale.
The sole issue on appeal is whether the tax sale was a nullity. Beasley, without objecting to the monition procedure (as opposed *540 to an ordinary proceeding with petition and citation), raised the nullity issue in a third-party demand directed against the tax collector, and a reconventional demand asserted against the tax purchaser.
Beasley's reason for attacking the tax sale was that the tax collector failed in his duty to give notice to the taxpayer of the delinquency. We find that this failure indeed occurred.
It appears that the problem was caused by a simple mistake by the Houston, Texas, postal authorities. Beasley, at all times a resident of Houston, bought the property from his father in 1982. In 1982 and 1983 while he was living at 15802 Long Road, Houston, Texas 77044, he paid his taxes to the Sabine Parish tax collector. Sometime in late 1984he could not remember exactly whenBeasley moved to 15206 Jones Road, Houston, Texas 77020.
When the 1984 taxes became due and unpaid, a notice of tax sale, addressed to Beasley at the Long Road address, and postmarked February 29, 1985, was sent by the tax collector. It was not delivered and was returned to a Houston post office on March 9, 1985, with a handwritten note on the right front of the envelope stating: "Moved15206 Jones Rd., 77020". The letter was again handled by the Houston postal authorities on March 22, 1985. It was then returned to the Sabine Parish Tax Collector. When it was returned, on the left side of the envelope there appeared the stamped "Returned to Writer" message with this additional language:
 MOVED LEFT NO ADDRESS
 EAST (indecipherable) STATION
 HOUSTON, TX
When this undelivered envelope was returned to the tax collector's office, the tax collector made no further attempt to get the notice of tax sale to Beasley.
La.R.S. 47:2180 requires that notice of tax sale may be sent by certified mail. Interpreting this statute in terms of due process requirements, it has repeatedly been held that where the tax debtor's correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received by the tax debtor to establish the validity of the sale. Dennis v. Vanderwater, 498 So.2d 1097 (La.App. 3d Cir.1986), writ denied, 501 So.2d 211 (La.1987), and cases therein decided. We also stated in Constance v. Sudwischer, 502 So.2d 609, 613, 614 (La.App. 3d Cir.), writ denied, 503 So.2d 1019 (La.1987), that:
In addition to the mandatory requirement that notice of delinquency be given a taxpayer before his property may be validly sold for nonpayment of taxes, as specifically provided for in LSA-Const. Art. 7 § 25 and LSA-R.S. 47:2180, the jurisprudence requires that where mailing of a tax notice is required, and a mailed notice is returned to the tax collector as undelivered or unclaimed, the tax collector must take additional reasonable steps to notify the tax debtor of a delinquency, and failure of the tax collector to perform this obligation renders a tax sale null and void.
The question in the present case is whether the tax collector of Sabine Parish, looking at the two notations on the returned tax notice envelope, should have been alerted to take some additional reasonable steps to notify the tax debtor of the delinquency. We do not have the benefit in this record of a postal expert's explanation of exactly what happened, nor any documentary evidence besides the returned letter. Beasley testified that when he moved he gave a forwarding order to the post office. The only reasonable explanation of the notation "Moved15206 Jones Rd. 77020" is that the postal authorities in Houston made that notation in compliance with Beasley's forwarding order. The notation on the letter and the return receipt strongly suggest that the Houston postal authorities never notified Beasley at his forwarding address that he had certified mail in the post office, because they thought he had moved still again. The stamped notation "MOVED LEFT NO ADDRESS" was wrong, because the evidence shows that Beasley had not moved (again), and that he was living at 15206 Jones Road when the Houston authorities handled the *541 letter for the second time. For some unknown reason, the post office in Houston thought that he had moved once more, from his forwarding address, and consequently the information appearing on the envelope indicated that the taxpayer no longer lived at the Jones Road address.
When the letter was returned undelivered, the information on it conveyed the message that Beasley no longer lived on Long Road, and his whereabouts were not known by the U.S. Postal Service. The jurisprudence tells us that this state of affairs triggered the requirement that the tax collector take additional reasonable steps to notify the tax debtor of the delinquency. In this case we do not have to test the reasonableness of the subsequent steps taken by the tax collector, for by his own testimony, nothing was done; no steps were taken.
Since the Jones Road address was in fact the place where the tax debtor was living at the time the notice was forwarded to him, further inquiries by the tax collector would have revealed that that was the tax debtor's correct address. Another notice mailed to that address in the manner provided by law, would have satisfied the duty owed by the tax collector, whether the notice was actually received or not. The failure to take this or other reasonable additional steps to notify Beasley of the delinquency renders the tax sale null.
For the reasons assigned, the judgment in the monition confirming and homologating the title of O.B. Campbell to the following property in Sabine Parish:
Lot 1 of Lakeview Shores Subdivision, less part beginning at a point 69 ft., West of the NE Corner of said Lot 1, thence run Westerly along the North Line of said Lot 1 a distance of 69 ft. to NW Corner of said lot, thence South 112.9 ft. to SW Corner of said Lot 1, thence East 51 ft., along South line of Lot 1, thence Northeasterly direction approximately 114 ft. to POB in Section 29-5-12,
is reversed and set aside.
Judgment is rendered herein, in the said proceeding, in favor of John Wayne Beasley, and against James A. Brumley, Jr., Sheriff and ex-Officio Tax Collector for the parish of Sabine, defendant in the third-party demand, and O.B. Campbell, defendant in the reconventional demand, annulling the tax sale of May 22, 1985, recorded in Conveyance Book 410, page 49, of the records of Sabine Parish, and restoring title in the property to the name of John Wayne Beasley, subject to his payment of all back due taxes, and any other penalties, interest or fees as required by law. John Wayne Beasley will pay all costs of this proceeding, both at the trial level and on appeal.
REVERSED AND RENDERED.