630 So.2d 805 (1993)
ESTATE OF Joseph Burton WILLIS, Sr., Plaintiff-Appellee,
v.
Ralph F. CAIRNS, Jr. and Cynthia Istre Cairns, Defendants-Appellants.
No. 92-1340.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
Order on Grant of Rehearing November 12, 1993.
Keith Edward Thibodeaux, St. Martinville, for Joseph Burton Willis.
Richard M. Istre, Lafayette, for Ralph F. Cairns Jr. et ux.
Before DOUCET, KNOLL and DECUIR, JJ.
KNOLL, Judge.
The trial court judgment in this case recognizes Joseph Burton Willis's[1] right to partition by licitation immovable property which he co-owns with Ralph and Cynthia Cairns (Cairns). Nevertheless, the subject of this appeal is the trial court's determination that the tax sale, by which Willis acquired an interest in the property, was not a nullity because of any failure to notify Bernard & Cairns Construction Company, Inc. (Bernard & Cairns), the Cairns' predecessor in title, of any ad valorem tax delinquency.[2]
*806 The Cairns contend that the trial court erred in: (1) finding that the Tax Collector mailed the notice of delinquency to the proper address; (2) presuming that the Tax Collector performed its duties in notifying the tax debtor of the tax delinquency when the Tax Collector did not take reasonable additional steps to notify the tax debtor of the tax delinquency; and, (3) finding Willis's tax sale valid. The Cairns' assignments of error present one issue for our review namely, whether they carried their burden of proving the invalidity of the tax sale.

FACTS
In its well written reasons for judgment, the trial court stated the facts which we adopt and set forth herein:
"Ralph Cairns and Ronald Bernard were corporate officers and shareholders in the Bernard and Cairns Construction Co. Inc. They were carpenters and formed the corporation for the purpose of building homes for sale. They planned to each acquire a tract of land which would be held in the name of the corporation to be used as collateral so that the corporation could borrow funds for further construction projects. Bernard and Cairns Construction Co. Inc. acquired by credit sale the parcel of property which is the subject of this suit. At the time of the acquisition, the mailing address of the corporation was 620 St. Catherine Street in Lafayette, Louisiana (the residence of Ronald Bernard.)
In October 1981 the corporation, and Cairns and Bernard individually, executed a promissory note in favor of Ralph Cairns' parents in order to pay the balance of the purchase price on the property and to construct the family home of Ralph and Cynthia Cairns on said property [where they were still living at the time of trial].
The 1982 tax notice was sent to 620 St. Catherine Street in Lafayette, since the property was still assessed to Bernard and Cairns Construction Co. Inc. Delinquency notices were sent to that address indicating that a tax sale was imminent. The 1982 taxes were paid on May 15, 1983, the eve of the Sheriff's auctioning of property for nonpayment of taxes.
The Chief Deputy Tax Collector, Ms. Judy Douet, testified that the 1983 tax bill was sent October 31, 1983 to 620 St. Catherine Street, Lafayette, Louisiana 70506. It was returned to the Tax Collector on November 11, 1983 with the notation `return to sender, not deliverable as addressed, forwarding order expired.' After the tax bill was returned marked `not deliverable,' her office nevertheless sent the warning notice to the same address. The Tax Collector's office personnel researched the Tax Assessor's records to find individuals that may be notified of the tax debt of the corporation. They determined from the sale by which Bernard and Cairns Construction Co. Inc. had acquired the property that Stanford Gauthier was the notary on the document. Gautheir's name was written on the back of the returned envelope along with an address: 119 Mimosa Place, Lafayette, Louisiana 70506. The Deputy Assessor assumed that her office attempted to locate the owners at this address, but apparently to no avail. When questioned whether a notice to Mimosa Place would have been sent via certified mail, Ms. Douet indicated that the certified notices are not sent to a new address unless her office was assured that it was `a good working address.' Therefore, she stated that the certified tax notice was sent to the same address which had earlier resulted in a returned notice marked undeliverable by the post office. She also stated that she has no records which indicated that a notice was sent to the Mimosa Place address, nor how that address was obtained by her office.
Ronald Bernard, an officer of the corporation, was residing at the Mimosa Place address ... having relocated from the 620 St. Catherine Street address. He testified that he did not receive a tax bill for the subject property for the year 1983. *807 In due course, the property was sold by the Sheriff and plaintiff, J.B. Willis, as successful bidder, purchased a thirty percent interest in the property upon payment of the outstanding taxes, fees, interest and costs.
In the following year, 1984, the remainder of the property (70%) was assessed to Bernard and Cairns Construction Company Inc.; the tax bill was sent to Route 1, Box 149, Breaux Bridge, Louisiana 70517. The Deputy Assessor could uncover no documents to support the change of address, but the address on the tax rolls was in fact changed. Ms. Douet postulated that perhaps someone had called or come into the office and verbally requested the change. On January 31, 1985, seventy percent of the tax debt was again paid by Bernard & Cairns Construction Co. Inc.; plaintiff J.B. Willis paid the taxes on the other thirty percent. This pro rata sharing of the tax bill continued until 1987 when O.O. Gutenkunst acquired the seventy percent interest assessed to Bernard & Cairns Construction Co. Inc. at a tax sale held May 15, 1987 for nonpayment of the 1986 taxes. On September 28, 1990, Bernard and Cairns Construction Co. Inc. redeemed the seventy percent interest from O.O. Gutenkunst for $1,749.51. On July 9, 1991, J.B. Willis instituted these proceedings to partition the property. On August 29, 1991, Ralph and Cynthia Cairns acquired the seventy percent interest from Bernard & Cairns Construction Co. Inc."

NOTICE OF DELINQUENCY ON TAX SALES OF IMMOVABLE PROPERTY
The Cairns contend that the trial court was manifestly erroneous in its factual determination that the Tax Collector mailed the notice of delinquency to the proper address, 119 Mimosa Place, and in presuming that the Tax Collector properly performed its duties in notifying the tax debtor.
Tax sales are presumed valid and the party attacking the sale bears the burden of proving its alleged invalidity. Dennis v. Vanderwater, 498 So.2d 1097 (La.App. 3rd Cir.1986), writ denied, 501 So.2d 211 (La. 1987). Furthermore, we stated in In Re Campbell, 574 So.2d 539, 540 (La.App. 3rd Cir.1991), writ denied, 577 So.2d 34 (La. 1991):
"La.R.S. 47:2180 requires that notice of tax sale may be sent by certified mail. Interpreting this statute in terms of due process requirements, it has repeatedly been held that where the tax debtor's correct address is known and used, certified mail, return receipt requested, is a reasonable method of notifying the debtor, and it is unnecessary that notice actually be received by the tax debtor to establish the validity of the sale. Dennis v. Vanderwater, [supra] ..., and cases therein ... We also stated in Constance v. Sudwischer, 502 So.2d 609, 613, 614 (La.App. 3d Cir.), writ denied, 503 So.2d 1019 (La.1987), that:
`In addition to the mandatory requirement that notice of delinquency be given a taxpayer before his property may be validly sold for nonpayment of taxes, as specifically provided for in LSA-Const. Art. 7 Sec. 25 and LSA-R.S. 47:2180, the jurisprudence requires that where mailing of a tax notice is required, and a mailed notice is returned to the tax collector as undelivered or unclaimed, the tax collector must take additional reasonable steps to notify the tax debtor of a delinquency, and failure of the tax collector to perform this obligation renders a tax sale null and void.'"
In its written reasons for judgment the trial court stated:
"There is a general presumption that public officials properly carry out their duties so that, absent contrary evidence, it is properly presumed the tax sale would not have been made had taxes been paid. Verret v. Norwood, 311 So.2d 86 (La.App. 3 Cir.1975). Ms. Douet's [the assistant tax collector] testimony indicated that a notice was probably sent to the Mimosa Place address, albeit not as a certified letter. She said it would not have been sent as a certified letter if it had been sent at all to that address." (Emphasis added.)
In civil suits the plaintiff bears the burden of proving his case by a preponderance *808 of the evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the entirety of the evidence establishes the fact sought to be proved is more probable than not. If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary's case and he necessarily loses. Miller v. Leonard, 588 So.2d 79 (La. 1991).
On direct examination by the Cairns' attorney, Ms. Douet's testimony was as follows:
"We did have an address of 119 Mimosa Place 70506. And I presume that we attempted to locate them, but with no avail.
* * * * * *
Q. Can you state for the Court that your department did, in fact, mail a tax notice to 119 Mimosa Place?

A. I have no records that indicate that. You know, all I have is the notation on the back of the envelope.
Q. So it is possible that no notice was sent to that address?

A. I guess it is." (Emphasis added.)
Later, under cross-examination by Willis's attorney, Ms. Douet stated:
"Q. Now, Miss Douet, the address which you've indicated of 119 Mimosa Placeof course, Lafayette, Louisiana 70506you've indicated in your testimony that you don't take part in the actual mailing. That is, physically you yourself mailing out the notices. And you've stated that it's possible that it was not sent to thatany notices were not possibly sent to that address. Is it possible that they were?

A. Yes, it's possible that something was sent." (Emphasis added.)
After carefully reviewing the record, we cannot agree with the trial court's statement that from Ms. Douet's testimony that she "... probably sent [a notice] to the Mimosa Place address...." Ms. Douet's testimony does not say so.
Moreover, when the trial court reviewed Ms. Douet's testimony, it examined the record and made the following statement:
"Mr. Bernard testified that he did not receive the notice. However, in 1983, this same property was nearly sold at a tax sale due to grossly delinquent payment of taxes. In addition, subsequent to the loss of a thirty percent interest in the property at the 1984 tax sale, the remaining seventy percent was lost in 1987 to another tax sale purchaser, although this portion was later redeemed. These facts indicate that if the 1983 tax notice actually had been sent to the Mimosa Place address, there is a strong likelihood that it would have been disregarded as it apparently has been disregarded in other tax years."
This statement shows that the trial court disregarded the preponderate testimony that the tax notice was not received, even though a more up-to-date address was available to the tax office. Instead the trial court presumed that if the 1983 tax notice had been sent, the tax debtors would have disregarded it. Such a conclusion sidesteps the threshold issue presented: did the Willis estate prove by a preponderance of the evidence that the tax collector took additional reasonable steps to notify Cairns of the tax delinquency after it received information about the change of address to Mimosa Street? After carefully reviewing the record, we conclude that the trial court's affirmative answer to that question is not supported by the record and is therefore manifestly erroneous. Therefore we find that the tax sale to Willis was null and void.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED AND DECREED THAT the tax sale to Joseph Burton Willis, Sr. recorded in Conveyance Book 935 Folio 481 in the Parish of St. Martin is declared null and void, and of no legal effect. Costs of the appeal are assessed to the Estate of Joseph Burton Willis, Sr.
REVERSED AND RENDERED.

ORDER ON GRANT OF REHEARING
PER CURIAM.
Defendant's application for rehearing points out that we failed to tax trial court costs to plaintiff since this was a reversal. *809 We will correct this oversight with this per curiam and grant defendant's request of taxing court costs at the trial level to plaintiff. Accordingly, plaintiff, Estate of Joseph Burton Willis, Sr., is hereby cast with all court costs at the trial level.
NOTES
[1] After the Cairns perfected their appeal, Joseph Burton Willis died. On May 18, 1993, we granted a motion allowing the Estate of Joseph Burton Willis, Sr., through its duly appointed provisional administratrix, to be substituted as the proper party plaintiff in this case.
[2] The Cairns did not file a reconventional demand to annul the tax sale, but simply set forth lack of notice as a defense to Willis's suit for partition by licitation. The trial court's judgment granting Willis's partition had the effect of a judgment denying the Cairns's assertion that the tax sale was a nullity.