648 So.2d 406 (1994)
Rabon and Carol AYERS, Plaintiffs-Appellants,
v.
Dennis and Rebecca BRAZZELL, et al., Defendants-Appellees.
Henry and Susan PAGE, Individually and for the Minors, Paul Sailer and Angela Sailer, Plaintiffs-Appellants,
v.
ASSOCIATES FINANCIAL SERVICES OF AMERICA, Defendant-Appellee.
No. 26068-CA, No. 26069-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
Opinion Clarifying Decision on Rehearing December 7, 1994.
*407 Weems, Wright, Shimpf, Hayter & Carmouche by Kenneth P. Haines, Shreveport, for appellants.
Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, for appelleeBossier Parish Police Jury.
Fred Rogers, III, Shreveport, for appelleeDennis & Rebecca Brazzell.
Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, Shreveport, for appelleeExecutive Realty Plus, Inc. and Sharon Nichols.
Blanchard, Walker, O'Quin & Roberts by Reginald Abrams, Shreveport, for appellee United Built Homes.
Before MARVIN, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiffs, Rabon and Carol Ayers and Henry and Susan Page, appeal from a partial summary judgment granted by the trial court in favor of the Bossier Parish Police Jury (BPPJ). For the following reasons, we vacate the partial summary judgment and remand for further proceedings.

FACTS
The plaintiffs filed suit against numerous parties, including the BPPJ, for damages to their homes caused by flooding during the heavy rains of April, 1991.[1] The houses are in a subdivision near the Caplis-Sligo Road in Bossier Parish. Within the subdivision, only the homes of the Rabons and the Pages were flooded.
As to their claim against the BPPJ, the plaintiffs allege that Parish regulations and ordinances require that, before a building permit is issued, plans and specifications for the proposed construction must be submitted which include the base flood level and the minimum floor elevation. Further, if the property is in the A or B flood level, after the construction is completed, an architect or certified engineer is to certify that the minimum floor elevation is above the base flood level.
The plaintiffs allege that for each of their houses, the Parish did not require submission of the plans and specifications before issuing the permits. Also, after the completion of the residences, and even though the property is in flood zone A, the parish did not require an architect or engineer to certify that the minimum floor elevation was above the base flood level. The plaintiffs allege that the base flood level for their property was 155 feet and that the minimum floor elevation of the houses was below that level. They argue that if the Parish had acted according to its own ordinances and regulations to assure that the houses were not built below the base flood level, the houses would not have flooded.[2] They also allege that such action and/or inaction was willful and/or wanton, with reckless disregard for the safety of the plaintiffs.
The BPPJ filed a motion for partial summary judgment, asserting that, insofar as the petition alleges a failure to enforce ordinances, those are discretionary actions of a political subdivision for which immunity from liability is statutorily provided. This argument *408 is based on LSA-R.S. 9:2798.1; 33:4771(5) and 4773(D).
LSA-R.S. 9:2798.1 provides in pertinent part:
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct. [Emphasis supplied.]
LSA-R.S. 33:4773(D) provides in pertinent part:
The performance of any enforcement procedure in connection with any building code shall be deemed to be a discretionary act and shall be subject to the provisions of R.S. 9:2798.1. [Emphasis supplied.]
LSA-R.S. 33:4771(5) defines an "enforcement procedure" as:
... any act, action, or failure to take action by a public servant or enforcement agency in connection with the implementation of any provision of a building code, including but not limited to the examination or review of any plan, drawing, or specifications, the conducting or completion of any inspection, the issuance, denial, or revocation of any permit, permission, license, or certificate, and the granting of any approval of construction.
The trial court granted the BPPJ's motion for partial summary judgment. All claims of the plaintiffs against the Police Jury "as they relate to the issuing of a building permit and/or for failing to enforce ordinances relating to the design and construction of the residences," were dismissed at the plaintiffs' cost.
The plaintiffs appealed the trial court judgment, asserting that the trial court erred in granting a partial summary judgment.
The plaintiffs also contend that the trial court erred in failing to consider whether the application of LSA-R.S. 9:2798.1 to the facts of this case violates the constitutional prohibition in Article XII, § 10 of the Louisiana Constitution prohibiting sovereign immunity. They further argue that the statute also violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, in that it treats governmental defendants differently from private defendants.

MOTION FOR SUMMARY JUDGMENT
The plaintiffs contend that the trial court erred in granting the motion for partial summary judgment in favor of BPPJ. They argue that summary judgment should not have been granted in this case because LSA-R.S. 9:2798.1 is not applicable to bar a claim against BPPJ for failure to enforce its ordinances, standards and regulations. The plaintiffs argue that the issuance of building permits is governed by specific regulations and ordinances, is not a discretionary act, and BPPJ was therefore compelled to review the building plans and inspect the sites after completion.[3] See Sunlake Apartment Residents v. Tonti Development Corporation, 522 So.2d 1298 (La.App. 5th Cir.1988).
They also argue that, under the jurisprudence interpreting LSA-R.S. 9:2798.1, the issue of whether an act is discretionary, therefore affording immunity from liability, is a question of fact, not properly the subject of a motion for summary judgment. See Insley v. Titan Insurance Company, 589 So.2d 10 (La.App. 1st Cir.1991); Chaney v. National Railroad Passenger Corporation, 583 So.2d 926 (La.App. 1st Cir.1991); Verdun v. State Through the Department of Health and Human Resources, 559 So.2d 877 (La.App. 4th Cir.1990).
*409 Generally, the jurisprudence construing LSA-R.S. 9:2798.1 applies the twostep analysis of Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), to determine whether the discretionary function exception applies in specific fact situations. Under Berkovitz, the court must first consider whether the government employee had an element of choice. The discretionary function exception will not apply when the statute, regulation or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive. On the other hand, when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception, that is, one grounded in social, economic or political activity. Fowler v. Roberts, 556 So.2d 1 (La. 1989); Kneipp v. City of Shreveport, 609 So.2d 1163 (La.App. 2d Cir.1992), writ denied 613 So.2d 976 (La.1993); Chaney v. National Railroad Passenger Corporation, supra; Rick v. State Department of Transportation, 93-1776 and 1784 (La. 1/14/94); 630 So.2d 1271.
In the cases cited by plaintiffs, the statutory definition of a discretionary act, contained in LSA-R.S. 33:4771(5), relative to the issuance of building permits, is not discussed. While the cases cited by the plaintiffs indicate that generally the decision as to whether an act is discretionary involves a factual analysis, in the present case, the issuance of building permits is specifically defined to be a discretionary act in LSA-R.S. 33:4771(5). When this definition is read in conjunction with LSA-R.S. 33:4773(D) and 9:2798.1, no factual analysis is necessary to determine that the above cited statutes create immunity from liability in favor of the BPPJ for its actions regarding the issuance of the building permits in question.
LSA-C.C.P. Art. 966 provides, in pertinent part, that the plaintiff or defendant in the principle or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has prayed. The article further provides that the judgment sought shall be rendered forthwith in the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. The burden of proving that there is no genuine issue of material fact is on the mover. Chaney v. National Railroad Passenger Corporation, supra.
Applying the statutes discussed above, the actions of the BPPJ in the issuance of building permits was discretionary. Therefore, application of the discretionary function exception makes the BPPJ immune from liability in connection with the issuance of the permits and BPPJ would be entitled to judgment as a matter of law.
While the simple application of the above quoted statutes supports the trial court's granting of the partial summary judgment, nevertheless, as will be discussed below, the issue of the constitutionality of LSA-R.S. 9:2798.1 was not considered by the trial court in reaching its decision. Because the constitutional validity of the primary statute relied upon by the BPPJ is in dispute, we cannot presently make a definitive ruling as to the correctness of the partial summary judgment.

CONSTITUTIONALITY
Even though, under the applicable statutes, if valid, the trial court would have been correct in granting the motion for summary judgment, the plaintiffs also claim that the trial court erred in failing to consider the constitutionality of LSA-R.S. 9:2798.1. The plaintiffs contend that Article XII § 10 of the Louisiana Constitution, prohibiting sovereign immunity, provides that neither the state or a state agency or a political subdivision shall be immune from suit and liability in contract or for injury to person or property. The plaintiffs contend that if LSA-R.S. 33:4771(5), defining a discretionary act, is read in conjunction with LSA-R.S. 9:2798.1 *410 to limit the liability of the BPPJ, then the latter statute unconstitutionally provides sovereign immunity.
The plaintiffs also argue that LSA-R.S. 9:2798.1 violates the equal protection clause of the Fourteenth Amendment of the United States Constitution in that it treats governmental defendants differently from private defendants.
The plaintiffs are correct in their contention that the issue of the constitutionality of LSA-R.S. 9:2798.1 was not ruled upon by the trial court. After our examination of the record, we find that the plaintiffs properly raised this issue in the trial court, but a ruling on the issue was pretermitted. Without a trial court ruling, it would be improper for this court, in the first instance, to consider the issue. Therefore, the case must be remanded to the trial court for consideration of the constitutionality of LSA-R.S. 9:2798.1.
It is well settled that the constitutionality of a statute must first be raised in the trial court, not the court of appeal. This issue must be especially pleaded to be considered by the trial court. Allen v. Burrow, 505 So.2d 880 (La.App. 2d Cir.1987), writ denied 507 So.2d 229 (La.1987); Thomson v. State, 564 So.2d 756 (La.App. 2d Cir.1990); Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Injury Hotline v. Houck, 621 So.2d 127 (La.App. 2d Cir.1993), writ denied 629 So.2d 396 (La.1993); Hillman v. Akins, 93-0631 (La. 1/14/94); 631 So.2d 1.
Further, the Attorney General must be served and given an opportunity to be heard and to participate in the case in a representative capacity. Chamberlain v. State Through the Department of Transportation and Development, 624 So.2d 874 (La. 1993); Taylor v. Giddens, 618 So.2d 834 (La. 1993).
In the present case, in response to BPPJ's motion for summary judgment, the plaintiffs specifically pleaded the unconstitutionality of LSA-R.S. 9:2798.1. However, the Attorney General was not served at the trial court level and was not given an opportunity to appear and be heard in a representative capacity in that court.[4] Also, the issue of constitutionality of the statute was pretermitted at the hearing on the motion for summary judgment. The transcript reveals that the parties generally agreed that if this issue was reached, the Attorney General would have to be notified, the issue briefed more thoroughly and a hearing held.
We find that, because the plaintiffs specially pleaded the unconstitutionality of the statute, the question was properly raised and preserved for consideration by the trial court. However, the record is clear that the trial court did not consider and rule upon this issue in granting partial summary judgment in favor of BPPJ. Without service on the Attorney General and a hearing and ruling, the issue is not properly before this court for review.
Because the constitutional question was pretermitted, the appropriate procedure is to remand the case to the trial court for consideration of the constitutional validity of LSA-R.S. 9:2798.1. Further, we find that this issue must first be determined in order to evaluate whether the motion for partial summary judgment in favor of BPPJ should be granted.
Accordingly, we order the plaintiffs to serve the Attorney General and we order that the trial court schedule a hearing and make a ruling on this issue in due course. After deciding the constitutional issues, the trial court is directed to reconsider the motion for partial summary judgment.

*411 CONCLUSION
For the reasons stated above, we vacate the partial summary judgment and we remand the case to the trial court for consideration of the constitutional issues raised by plaintiffs and for further proceedings in accordance with the views expressed herein.
JUDGMENT VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
PER CURIAM.
In response to the application for rehearing filed by the Bossier Parish Police Jury, we granted a rehearing for the limited purpose of clarifying our original opinion in this case.
On original hearing, we remanded this case to the trial court for consideration of the constitutionality of the discretionary immunity statute set forth in LSA-R.S. 9:2798.1. However, we failed to address the trial court's finding that, regardless of the validity of the discretionary immunity statute, the Bossier Parish Police Jury's actions in failing to obtain certification as to the lowest floor elevations of the dwellings in question was not a cause of the damage.
We find that the trial court's statement in its decision to grant the partial summary judgment, based upon this factual finding, was erroneous. As stated in the original opinion, the entire partial summary judgment is vacated.
In its original ruling, the trial court erred in granting the partial summary judgment on an insufficient factual basis. The factual issue of whether the Bossier Parish Police Jury's action was a contributing factor to the plaintiffs' damage must be addressed after the issue of the constitutionality of the statute is decided. Accordingly, the trial court's finding regarding causation, in connection with the Bossier Parish Police Jury, is vacated. The issue is to be reconsidered, if necessary, after a determination regarding the constitutionality of the discretionary immunity statute. With this clarification, our opinion on original hearing remains in effect.
NOTES
[1] The plaintiffs also filed suit against the previous owners and the builders of the homes, the realtors who sold the homes and various unspecified insurance companies. These claims are not before the court for consideration at this time and will not be detailed.
[2] The plaintiffs also alleged that the BPPJ failed to provide adequate drainage and flood control for the property. However, this claim is not the subject of the motion for partial summary judgment currently before the court for decision.
[3] The BPPJ argues that plans for both houses were submitted with the applications for the building permits.
[4] This court notified the Attorney General that the plaintiffs raised the issue of the constitutionality of LSA-R.S. 9:2798.1 on appeal. The Attorney General filed a brief on the issue in this court. However, because the trial court did not rule on the issue, it is not properly before this court on appeal. The present case is distinguishable from Chamberlain v. State through the Department of Transportation and Development, supra. In Chamberlain, although the Attorney General was not notified that the issue of the constitutionality of a statute had been raised until the case was on appeal, the trial court and the appellate court had considered and ruled upon the issue. Therefore, the Louisiana Supreme Court reviewed the constitutional issue. In this case, there has been no lower court ruling on the constitutionality of LSA-R.S. 9:2798.1. Therefore there is nothing for this court to review in that regard.