JHIGHTOWER, Judge.
Plaintiff, Robert Hillman, appeals the summary judgment granted in favor of two defendants, Edwards Transmission and its insurer, Ohio Casualty Company.

Facts and Procedural History

According to the city court petition, on September 14, 1996, a truck owned by Edwards Transmission and operated by its employees collided with, and damaged, plaintiff’s Dodge van to such an extent that the cost of repairs would have exceeded the value of the vehicle. Along with a general denial, defendants’ response included a motion for summary judgment. Supporting and separate affidavits from each of the four owners of Edwards Transmission reflected that no one, whether an employee or a third party, had their authority to use a company vehicle at the time of the collision. Indeed, Edwards Transmission had closed at noon on Saturday, the day of the accident, several hours before the incident happened. The owners further asserted that their business had not been conducting any activities in the vicinity of the accident.
In an amending petition, Hillman named as additional defendants the two employees allegedly operating the company truck. One answered, denying his involvement; the other individual, who received only domiciliary service of the pleading, filed no response. Edwards Transmission and its insurer also denied, for lack of sufficient information to justify a belief therein, that these employees had been operating the truck.
In opposition to the summary judgment motion, plaintiff contended that certain statements within the police report indicated that the employees had implied permission to utilize the company vehicle. After evaluating the documents and arguments presented, the city court granted judgment in favor of Edwards Transmission and Ohio Casualty. Plaintiff appealed.

Discussion

A motion for summary judgment is properly granted if the pleadings, depositions, an *340 swers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to ^judgment as a matter of law. La. C.C.P. art. 966. Further, through a 1997 amendment to La. C.C.P. art. 996, the jurisprudential presumption against granting summary judgment has been eliminated. See Acts 1997, No. 483. Instead, the enacted changes have leveled the playing field for the litigants. Documentation submitted by the parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. Koeppen v. Raz, 29,880 (La.App.2d Cir.10/29/97), 702 So.2d 337; Gardner v. LSU-MC, 29,946 (La.App.2d Cir.10/29/97), 702 So.2d 53. Indeed, summary judgment is now favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed actions. La. C.C.P. art. 966A(2).
Under the current summary judgment approach, if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. And, as consistently noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Koeppen, supra; Gardner, supra.
As an appellate court, we review summary judgment de novo under the same criteria that govern the trial court’s considerations regarding the appropriateness of summary judgment. Koeppen, supra; Gardner, supra.
In the present suit, Hillman advances two theories of recovery. First, alleging that Edward Transmission’s employees had been operating the truck, he seeks to hold the company vicariously liable for their actions. Of course, the law is clear that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. Baumeister v. Plunkett, 95-2270 (La.05/21/96), 673 So.2d 994. To satisfy that requirement, the employee’s tortious conduct must be so closely connected in time, place, and causation to his employment duties as to [be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest. Id.
In this regard, defendants’ affidavits disclose that none of the Edwards Transmission employees had authorization to use the truck at the time of the incident. Nor did any of these workers have business in the vicinity of the collision at any time on the date of September 14, 1996. Indeed, the accident occurred several hours after the noon closing time at the shop. The owners of the establishment declared that, if an employee was operating the truck at the time of the accident, the use was unauthorized and in no way connected with Edwards Transmission’s business. In response, plaintiff offered no affidavits or other evidence to establish that he would be able to carry his burden of proof on this issue.
Alternatively, Hillman suggests as his second theory that, even if the employees were not engaged in a work mission, they had implied permission to use the truck for personal excursions, bringing them under the omnibus coverage provision of their employer’s liability policy. Once permission, whether express or implied, to use a motor vehicle has been established, it is given a wide and liberal meaning in determining such coverage. Where the initial use of the vehicle is with the consent, express or implied, of the insured, any subsequent changes in the character or scope of the use do not require additional specific consent of the insured; coverage will be precluded only when the deviation from the use consented to amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the vehicle. Norton v. Lewis, 623 So.2d 874 (La.1993).
Again, defendants’ affidavits relate that no employee had authorization to use the work vehicle near the time of the accident. Hillman suggests, however, that permission can be implied from two facts: that *341 the keys to the track had been regularly stored under the floor mat and the doors left unlocked; and that one of the owners, when notified of the accident by the police, immediately responded that two employees (those later named bin the amended petition) were the last to have the truck. But these details, even assuming arguendo they could be read to convey permission, are not in the record currently before this court. The statement regarding the keys can only be found in one of the memoranda submitted to the lower court. Briefs and memoranda are not part of the record unless properly introduced into evidence. Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App.2d Cir.08/17/94), 642 So.2d 269. And, anent the cited declaration by the owner, that appears only in the police report properly excluded from evidence by the trial court judge. See Rhodes, supra; Thomas v. Petrolane Gas Service, 588 So.2d 711 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1201 (La.1992).

Conclusion

Plaintiff, the non-moving party in this matter, has thus failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Hence, there is no genuine issue of material fact and the trial court properly granted summary judgment. The judgment below is affirmed at appellant’s costs.
AFFIRMED.